R. WINSLOW TOWNE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Towne v. Commissioner
Docket Nos. 2602-75, 9989-75.
United States Tax Court
T.C. Memo 1977-356; 1977 Tax Ct. Memo LEXIS 86; 36 T.C.M. (CCH) 1422; T.C.M. (RIA) 770356; October 5, 1977, Filed R. Winslow Towne, pro se. Roger D. Osburn, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioner's Federal income tax in the amounts of $624.50 and $657.53 for 1972 and 1974, respectively. In determining these deficiencies, respondent made numerous adjustments to petitioner's taxable income as computed in his Federal income tax returns for those years. The petitions seeking a redetermination of the deficiencies are not cast in sufficiently precise terms to permit a concise statement of the issues for decision. Basically, however, the issues are whether petitioner has substantiated the treatment accorded *88 numerous items on his income tax returns. The parties were unable to agree on a stipulation of facts, and we have only a set of request for admissions in each case, denied in part, and petitioner's testimony, confused and rambling on most points, as a basis for the disposition of the case. On some issues the record contains only the barest amount of evidence. In reaching our decision, nonetheless, we are required to view this unsatisfactory record in the light of the rule that the burden of proof rests with petitioner. . 1. General
At the time the petitions were filed, petitioner was a legal resident of Royalston, Mass. Statutory notices of deficiency were mailed to him on February 28, 1975, for 1972, and September 15, 1975, for 1974.The deficiency determined for 1972 was based upon the disallowance of petitioner's claimed status as a head of household and the following adjustments: Amount
Amount as Item Changed
on Return
Determined
Dividend exclusion
$ 180.45
$ 100.00
Capital gain distribution
0
206.00
Itemized deductions
3,451.72
0
Standard deduction
0
2,000.00
Respondent *89 concedes that petitioner is entitled to itemized deductions totaling $1,883.29, but such amount is less than the allowed standard deduction of $2,000.The claimed 1972 deductions disallowed by respondent are as follows: Motor vehicle tax
$ 50.33
Casualty loss
41.00
Amounts paid for construction of a
storage building
1,080.50
Amount paid for storage of furniture
175.00
Mail box
.60
Loss of sale on a personal car due
to excessive mileage
200.00
Bank service charge on personal
account
4.00
Auto registration and driver's license
17.00
Total
$1,568.43
With respect to 1974, petitioner reported adjusted gross income of $16,421.87 and respondent disallowed the following deductions: Deductions
Disallowed
Medical and dental expense
$ 276.65
Cost of stocks
2,009.50
Tolls
37.50
2. 1972
A. Dividend exclusion
Section 116(a) [1]/ allows an individual to exclude dividend income up to $100. Petitioner claimed a dividend exclusion of $180.45 from dividends he received from an "affiliated fund" but admitted at trial that the proper amount should have been $100. *90 B. Capital gain distribution
On line 3, schedule B of his 1972 Federal income tax return, petitioner showed that he received a capital gain distribution of $411.80, but failed to include any portion thereof in his computation of taxable income. Respondent correctly determined that petitioner's taxable income includes $206. See sec. 1202. C. Itemized deductions
The motor vehicle tax claimed by petitioner does not qualify as a deduction for a tax under section 164. As to the casualty loss, petitioner reported a loss of $200 of which $25 was reported to have been reimbursed and $100 was excluded under section 165(c)(3), leaving a claimed deduction of $75. Counsel for respondent conceded the deductibility of $34 of this amount, and petitioner did not substantiate any greater loss. In fact, he testified to a smaller loss than the amount used as a basis for respondent's concession. All the other claimed deductions not allowed or conceded by respondent (labor for the construction of a building for storing personal furniture, cost of storage of personal furniture, mail box rent, loss on sale of a personal automobile, bank service charge, automobile registration, *91 and driver's license) are all nondeductible personal expenses under section 262. The cost of constructing the building is also subject to disallowance as a capital expenditure under section 263. Thus, petitioner's allowable deductions for 1972 did not exceed the standard deduction of $2,000 allowed by respondent. D. Head of household rate
As to petitioner's use of head of household rates, he lived alone during 1972. He did not furnish over half the cost of maintaining a home for any person other than himself. To qualify as a head of household, section 1(b) provides that an individual must be a "head of household" as defined in section 2(b). Under this latter section, an individual is considered a head of household only if he maintains as his home a household which is the principal abode of one or more persons who have a specified relationship to such individual. Since petitioner lived alone during 1972, he does not qualify for the use of head of household rates in computing his income tax for that year. 3. 1974
Petitioner's 1974 Federal income tax return shows adjusted gross income of $16,421.87. In computing the medical expense deduction of $276.65 (medicine *92 and drugs-- $15; other medical expenses--$261.65), petitioner did not reduce the claimed deduction by 1 percent of adjusted gross income ($164.22) for medicine and drugs and 3 percent of adjusted gross income ($492.66) as required by section 213(a)(1) and (b). As a result, petitioner's claimed deduction was erroneous. The $2,009.50 claimed as a deduction for the cost of stocks constituted the amount of petitioner's stock purchases during the taxable year. Such expenditures are nondeductible capital expenditures under section 263. The $37.50 in Massachusetts Turnpike tolls were incurred by petitioner in commuting to and from work. Such expenses are nondeductible personal expenses. . While petitioner established he is entitled to some of his claimed deductions for 1972, the total amount of the allowable deductions does not exceed the $2,000 standard deduction allowed by respondent. Petitioner has not shown that respondent erred in including additional items in petitioner's gross income for that year. Nor has petitioner shown respondent erred in disallowing any of the disputed 1974 deductions. Accordingly, *93 Decision will be entered for the respondent. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue.